UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE NORTHWEST RAILWAY MUSEUM,<br><br>Plaintiff,<br><br>v.<br><br>INDIAN HARBOR INSURANCE COMPANY, et al.,<br><br>Defendants. | CASE NO. C17-1060JLR<br><br>ORDER DENYING MOTION TO REMAND |

## I. INTRODUCTION

Before the court is Plaintiff The Northwest Railway Museum's ("the Museum") motion to remand. (Mot. (Dkt. # 8).) The court has considered the parties' submissions in support of and in opposition to the motion, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court denies the Museum's motion.

---

[1] No party requests oral argument, and the court concludes that oral argument would not be helpful to its disposition of the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER - 1

## II. BACKGROUND

On August 8, 2016, Robin Ann Roettger sued the City of Snoqualmie, Washington, for injuries she sustained after falling on a public sidewalk. (*See generally* Roettger Compl. (Dkt. # 11-1).) In her complaint, Ms. Roettger alleges that she required multiple surgeries and "many invasive and expensive medical procedures." (*Id.* ¶ 5.1; *see* Murphy Decl. (Dkt. # 11) ¶ 14.) The City of Snoqualmie, in turn, sued the Museum for complete indemnification, alleging either that the Museum agreed to a hold harmless stipulation as part of its permit for using the sidewalk on which Ms. Roettger fell or that the Museum had actual control over the sidewalk and failed to warn Ms. Roettger. (Snoqualmie Compl. (Dkt. # 11-2) ¶¶ 8.1-8.8.)

The Museum then filed a liability insurance claim with Defendant Indian Harbor Insurance Company ("Indian Harbor"). (Compl. (Dkt. # 1-2) ¶ 16.) Indian Harbor refused to cover the Museum's potential liability from the City of Snoqualmie's lawsuit. (*Id.* ¶ 17.) In response, the Museum filed this lawsuit against Indian Harbor and its parent corporation Defendant XL Specialty Insurance Company (collectively, "Defendants") in King County Superior Court for (1) breach of contract, (2) bad faith conduct, (3) unreasonable denial of coverage under the Insurance Fair Conduct Act ("IFCA"), RCW 48.30.015, and (4) violations of the Consumer Protection Act ("CPA"), RCW ch. 19.86. (*See generally* Compl.)

Defendants removed the action based on diversity subject matter jurisdiction. (Not. of Removal (Dkt. # 1).) The Museum now moves to remand because (1) Defendants failed to prove complete diversity of citizenship among the parties, and

(2) Defendants failed to prove an amount in controversy over $75,000.00. (Mot. at 3-4.) The court now considers the Museum's motion.

### III. ANALYSIS

#### A. Legal Standards

A court has subject matter jurisdiction over an action when there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006) (citing 28 U.S.C. § 1332(a)). Removal from state court to federal court is proper where the federal court would have original jurisdiction over the state court action. *Id.* at 679-80 (citing 28 U.S.C. § 1441(a)). However, courts strictly construe the removal statute against removal jurisdiction and must reject jurisdiction if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-290 (1938)).

#### B. Complete Diversity of the Parties

The Museum disputes the court's jurisdiction by arguing that Defendants made an insufficient showing of complete diversity of citizenship in their notice of removal. (Mot. at 3.) Diversity subject matter jurisdiction requires complete diversity of citizenship among the parties. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); 28 U.S.C. § 1332(a)(1). Complete diversity exists when the state citizenship of each plaintiff is different from the state citizenship of each defendant. *Id.* (citing 28 U.S.C.

§ 1332(a)). A corporation can be a citizen in two states: (1) its state of incorporation and (2) the state where its principal place of business, typically its headquarters, is located. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (concluding that a principal place of business is "normally" a corporation's headquarters).

Although Defendants' notice of removal could be clearer, Defendants state that they are (1) incorporated in Delaware, and (2) citizens of states other than Washington. (*See* Not. of Removal ¶ 6.) Further, Defendants' counsel attests that Defendants are incorporated in Delaware with their principal places of business in Stamford, Connecticut. (Murphy Decl. ¶¶ 3-4.) Defendants allege the same in their counterclaims. (Answer at 8.) Because the Museum is a citizen of Washington (*see* Compl. ¶ 1; *see also* Not. of Removal ¶ 6), complete diversity of citizenship exists between Defendants and the Museum. Indeed, the Museum implicitly acknowledges as much by abandoning its diversity of citizenship argument in its reply memorandum. (*See* Reply (Dkt. # 12).) Thus, the court concludes that Defendants have established complete diversity of citizenship among the parties.

### C. The Amount in Controversy

The remaining issue is whether the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a). The Museum argues that the court should remand the action because Defendants failed to demonstrate the required amount in controversy by a preponderance of the evidence. (Mot. at 3-4.) Defendants respond that the potential losses from Snoqualmie's indemnification claim, which necessarily include Ms. Roettger's claims against the city, will be greater than $75,000.00. (Resp. (Dkt. # 10) at

9.) Defendants support their argument with a declaration from their counsel. (*See* Murphy Decl. ¶¶ 14-19.) The Museum has not filed any evidence to support its contention that the amount in controversy is less than $75,000.00. (*See generally* Dkt.)

"Where, as here, 'the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds $[75],000[.00].'" *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997)) (first alteration in original); *see also* 28 U.S.C. § 1446(c)(2)(B) ("[R]emoval . . . is proper on the basis of an amount in controversy . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)."). To support their asserted amounts in controversy, both "parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Singer*, 116 F.3d at 377). The court should test each party's alleged amount in controversy "by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Id.* at 1198.

The Museum seeks "coverage and payment of the actual damages" it sustained from Defendants. (Compl. ¶ 31; Murphy Decl. ¶ 10.) Defendants reasonably anticipate that these damages will include damages and expenses arising from Ms. Roettger's lawsuit. (Murphy Decl. ¶ 10.) Based on Defendants' counsel's experience defending

hundreds of civil suits in state and federal court and his review of Ms. Roettger's complaint, which includes a description of her alleged injuries, multiple surgeries, and "many expensive medical procedures," Defendants' counsel estimates Ms. Roettger's general and special damages to be a minimum of $25,000.00. (*Id.* ¶¶ 7-8, 13-14; *see* Roettger Compl.) Defendants' counsel also estimates the City of Snoqualmie's attorney's fees from litigating Ms. Roettger's suit to be a minimum of $25,000.00. (*Id.* ¶ 15.) Defendants' counsel asserts that adding those aforementioned items together places the amount in controversy "well in excess of the $75,000[.00] threshold." (Murphy Decl. ¶ 16.)

The court concludes that Defendants' estimated amount of contract damages under the insurance policy is reasonable in light of the injuries Ms. Roettger claims and the fees and costs the City of Snoqualmie is likely to incur. *See Ibarra*, 775 F.3d at 1198; *see also, e.g., Ansley v. Metro. Life Ins. Co.*, 215 F.R.D. 575, 578 (D. Ariz. 2003) (denying remand based in part on defendant's counsel's undisputed affidavit regarding amounts for attorney's fees and damages for breach and bad faith); *Pereza v. Progressive Direct Ins. Co.*, No. 2:15-CV-77JCM (VCF), 2015 WL 1549270, at *3-5 (D. Nev. Apr. 8, 2015) (denying remand when plaintiff alleged bad faith conduct, which allowed punitive damages, and demanded medical expenses of around $31,000.00).

Further, when plaintiffs request treble damages under IFCA, as the Museum has here (*see* Compl. at 10), the court trebles the amounts alleged to determine the amount in controversy. *See, e.g., Rain v. Ameriprise Auto & Home Ins. Agency, Inc.*, No. C14-5088RJB, 2014 WL 1047244, at *3 (W.D. Wash. Mar. 18, 2014) (denying

remand when plaintiffs requested treble damages and defendants showed that plaintiffs' damages would be at least $41,000.00 before trebling); *Lim v. Nat'l Gen. Ins. Co.*, No. C15-0383RSL, 2015 WL 12025326, at *2 (W.D. Wash. Apr. 30, 2015) (denying remand when plaintiff requested treble damages and actual damages of $50,000.00).

Based on the foregoing analysis, the court concludes that Defendants establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. The Museum fails to counter Defendants' counsel's declaration or offer evidence of their own. (*See generally* Dkt.) Because Defendants also establish complete diversity of citizenship among the parties, *supra* § IV.B, the court concludes that it has subject matter jurisdiction over this matter and denies the motion to remand.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES the Museum's motion to remand (Dkt. # 8).

Dated this 4th day of October, 2017.

JAMES L. ROBART
United States District Judge